ARDEN CHEMICAL COMPANY, demandante y apelada, *v.* PORTO RICO DRUG CO., INC., demandada, y NATIONAL SURETY COMPANY, interventora y apelante.

No. 6014.—*Sometido:* Enero 10, 1933. *Resuelto:* Mayo 31, 1933.

*Besosa & Besosa,* abogados de la apelante; *E. B. Wilcox,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La Arden Chemical Company inició pleito contra la Porto Rico Drug Co. por algo más de $1,000 y embargó cierta cantidad de perfumería y medicinas de patente valoradas en $2,100. Al prestarse una fianza por la suma de $2,500 por la Drug Company y la National Surety Company, se dejaron los bienes embargados en poder de la primera. Todo esto sucedió a fines de mayo de 1926. En octubre 16 de dicho año la Porto Rico Drug Co. fué adjudicada en quiebra en un procedimiento voluntario instituído por dicha compañía en la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico. En septiembre 17, 1927, el síndico de la quiebra solicitó se dejaran en suspenso los procedimientos del presente caso de conformidad con las disposiciones de la sección 11 de la Ley de Quiebras. En abril 30, 1928, el síndico, en otra moción, adujo que el objeto de la moción anterior fué suspender el presente recurso por el período de un

año a partir de la adjudicación en quiebra, que este período había transcurrido y que no había obstáculo para que se continuara el presente litigio al cual no presentaría defensa alguna el síndico. En abril 28 el letrado del síndico ya se había allanado a una resolución para eliminar de los autos la moción de septiembre 17, 1927. En abril 28 de 1928 la corte de distrito declaró sin lugar una excepción previa, y en mayo 7 la National Surety Company solicitó permiso para intervenir y para que se le hiciera parte demandada. Al mismo tiempo archivó una excepción previa que fué declarada sin lugar en noviembre 12. La compañía de seguros contestó el 28 de noviembre. La demandada dejó transcurrir el término para contestar y el secretario registró sentencia contra ella en enero 18, 1929. La demandante y la interventora entonces fueron a juicio sobre las cuestiones suscitadas por la demanda y por la contestación de la interventora. Ésta apela ahora de una sentencia adversa y sostiene que la corte de distrito erró al considerar que no existen diferencias entre una fianza para levantar un embargo y una fianza como depositario judicial y al considerar la fianza en cuestión como que había sido otorgada con el objeto de levantar el embargo.

La apelante en su relación de hechos dice que la Porto Rico Drug Co. entregó al síndico designado por la Corte Federal todo su activo, incluyendo los bienes embargados dejados en su poder al otorgarse la fianza. El alegato no hace referencia a ninguna de las páginas de los autos en apoyo de esta aseveración. Luego, en el curso de la argumentación, la apelante dice que ''de acuerdo con la prueba'' la Corte de Distrito de San Juan había designado un síndico y tomado posesión de todos los bienes de la Porto Rico Drug Co. A este respecto se hace referencia a una resolución que se dice haber sido dictada en el ''caso civil No. 2548, Antonio Canals et al. *v.* P. R. Drug Company, Corte de Distrito de San Juan'', en la cual (según se transcribe en el alegato) al síndico de la corte de distrito insular se le ordenó que entregara al síndico designado por la Corte Federal los bienes de la Porto

Rico Drug Co. No se hace referencia a página alguna o parte del récord del presente caso. Fuera de esto nada hay, aun en el alegato de la apelante, que demuestre que la perfumería y las medicinas de patente embargadas por la demandante en este recurso que fueron dejadas en poder de la Porto Rico Drug Co. fueran jamás entregadas a uno u otro síndico.

La apelante cita de Collier on Bankruptcy los siguientes extractos:

"Cuando un funcionario de una corte del estado voluntariamente entrega a un síndico de la quiebra bienes que están en su poder, la corte del estado queda privada de jurisdicción." Página 760.

"El poder de una corte de distrito para proceder sumariamente depende principalmente de si el asunto en litigio está en su posesión, ya sea material o simbólicamente; cuando se demuestra tal posesión, la corte puede proceder sumariamente a determinar las controversias en lo referente a los bienes y el límite y naturaleza de los gravámenes que pesen sobre los mismos o a los derechos contra ellos alegados." Página 771.

"Si los bienes que están en poder de un quebrado tienen la calidad de fideicomiso, ellos pasarán al síndico sujetos a tal fideicomiso." Página 1680.

"Una vez que la corte adquiere posesión subsistirá la jurisdicción para determinar en juicio plenario o en procedimientos sumarios todas las reclamaciones adversas, y ninguna corte podrá intervenir con tal posesión, a no ser mediante recurso de error o apelación." Página 775.

"La regla que da a la corte de quiebras jurisdicción exclusiva para resolver las reclamaciones que existan contra bienes que se hallan bajo su custodia no se limita a la posesión material sino que se extiende también a posesión simbólica, incluyendo bienes tenidos no solamente por el quebrado si que también para el quebrado." Página 779.

"Cuando la alegación de posesión contraria a la del síndico se basa exclusivamente en un embargo que es anulado por la adjudicación en quiebra, la persona o funcionario que está en posesión retiene los bienes como depositario del síndico; ella no es un reclamante adverso y su mera negativa a entregar los bienes no le convierte en tal." Página 757.

"Al reclamante incumbe determinar y hallar los fondos que se tienen en fideicomiso, así como demostrar que el activo que está en

poder del síndico ha sido directamente aumentado o beneficiado con una suma de dinero obtenida de determinados bienes poseídos en fideicomiso.'' Página 1684.

''Cuando la ley del estado provee que los bonos sean depositados con un funcionario del estado para protección de los acreedores de quienes el depositante de tales bonos recibe dinero, los bonos pueden ser retenidos por el síndico del quebrado para beneficio de aquellos acreedores que residen dentro del estado.'' Página 1688.

''Los procedimientos para reclamar los bienes pueden ser incidentales al de quiebra o ajenos a éste.'' Página 1763.

''La regla moderna sustentada por el gran cúmulo de autoridades es que para sostener una reclamación sobre fondos que están en fideicomiso en manos de un síndico de una quiebra, el reclamante debe depender de su habilidad para identificar los bienes en su forma original o substituta en poder del síndico.'' Página 1683.

''La persona que tenga un gravamen puede establecer su reclamación en cualquier corte que tenga jurisdicción, aunque si los bienes se hallan en poder de la corte, la corte de quiebras tiene jurisdicción y bajo ciertas condiciones puede proceder sumariamente contra tales bienes.'' Página 1535.

''Después que bienes que están en posesión de un quebrado en el momento de la quiebra, caen bajo la jurisdicción y custodia de una corte de quiebras por radicarse una petición de esta índole y por una adjudicación posterior, un acreedor que tenga un gravamen o escritura de fianza no puede entonces adquirir un título de los bienes o la posesión de los mismos en tal forma que se convierta en un reclamante adverso, de tal suerte que sus derechos así adquiridos, de tenerlos, no pueden ser investigados y resueltos en un procedimiento sumario.'' Página 774.

La apelante cita también de 6 C. J., p. 321, sec. 636, como sigue:

''Cuando se ha disuelto un embargo por la insolvencia o quiebra del deudor, la persona que recibe los bienes embargados queda exenta de responsabilidad bajo su fianza si los bienes vuelven a estar en manos del deudor o si los entrega al cesionario, a menos que la corte dicte una orden para que continúe la cesión en beneficio de este último.''

Puede que sea cierto que la demandante quizá pudo haber tratado de hacer valer su gravamen en la Corte Federal, si asumimos, para los fines de la argumentación, que los bie-

nes embargados pasaron en realidad a manos del síndico de la quiebra. De ello no se desprende, según asume la apelante, que por haber dejado de seguir este remedio la demandante perdió su derecho a proseguir hasta que se dictara sentencia su recurso en la corte insular con el fin de cobrar la sentencia de los bienes embargados o de la fianza. Si había algo que impedía a la Porto Rico Drug Co. o a la aseguradora de reclamar en la Corte Federal los bienes embargados, esto no se desprende del alegato de la apelante. Nada hay en éste que revele que el embargo en el presente caso, trabado más de cuatro meses antes de la adjudicación en quiebra, fué disuelto por tal procedimiento. Nada hay en el alegato de la apelante que demuestre por qué no debió haberse permitido a la demandante que continuara su recurso en la corte insular con el propósito de hacer valer su reclamación contra la compañía de seguros por la fianza prestada. Nada hay que demuestre que la apelante fuera perjudicada en forma alguna por haber dejado la corte de distrito de distinguir entre la fianza provista por la sección 15 de la Ley para asegurar la efectividad de sentencias (Estatutos Revisados, sec. 5247) y la fianza provista por la sección 10 de la misma ley.

*Debe confirmarse la sentencia apelada.*